IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW BURKE | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-66 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Andrew Burke, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Petitioner challenges a prison disciplinary conviction for throwing urine on a correctional officer. As a result of the disciplinary conviction, Petitioner's commissary privileges were restricted for 60 days and he was placed in isolation for 45 days. He was also demoted to a classification in which he will earn fewer days of good conduct time credits.

### Analysis

Prisoners charged with disciplinary rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). With respect to disciplinary proceedings, protected liberty interest are limited to those punishments that impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id*. at 484. As a general rule, the only sanction that imposes upon a liberty interest of an inmate confined within the Texas state prison system is the loss of good conduct time credits for an inmate whose release on mandatory supervision will be delayed by the loss of the credits. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner states he was not required to forfeit previously-earned good conduct time credits as a result of his disciplinary conviction (Doc. #1, p. 5.). As a result, the punishment imposed as a result of the disciplinary conviction did not implicate a protected liberty interest. Petitioner was therefore not entitled to due process before receiving such punishment and this petition for writ of habeas corpus should be denied.

### Recommendation

This Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be denied.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 9th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE